## H. GROSS v. THE STATE.

1. ROAD LAW. — No one but the overseer of a public road is authorized by law to receive payment of the money commutation in lieu of work.   Evidence therefore, that defendant tendered payment to the person detailed by the overseer to summon the road-hands was properly excluded, because such a tender was no defense.

2. NEW TRIAL. — An application for a new trial on account of newly-discovered evidence must satisfy the court that knowledge of the new evidence has been acquired since the former trial, and that the delay in discovering it is not attributable to want of due diligence.

3. PRACTICE IN THIS COURT. — When there is no statement of facts, this court presumes that the State proved every allegation well pleaded.

APPEAL from the County Court of Lampasas.   Tried below before the Hon. J. C. MATTHEWS, County Judge.

*A. McFarland* and *J. A. Abney*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J.   The defendant is prosecuted for a failure to work on a public road, under the act of 1876.   Gen. Laws, 66, sec. 18.

The points on which he relies for a reversal of the judgment are :

" 1. That the court erred in excluding from the jury the

evidence offered by appellant to show a tender of the money to J. C. McWhorter, the person detailed by the overseer to warn the hands to work; that, at the time McWhorter warned him to work on the public road named in the information for one day., he tendered to said McWhorter the sum of one dollar for the day he had so notified him to work, and that McWhorter declined and refused to accept it." And—

" 2. That the court erred in overruling defendant's motion for new trial."

The law says the money must be paid to the overseer. The party to whom appellant proposed to prove it was tendered had no authority to receive it. Such a tender is no bar to the prosecution.

The court properly overruled defendant's application for a continuance. If the defendant was unable to work on the road because of sickness, he could, by the exercise of due diligence, it is reasonable to presume, have found some witness by whom he could have proved the fact. In an application for a new trial on account of newly-discovered evidence, the defendant must show to the satisfaction of the court that a knowledge of the existence of the new evidence was acquired after the former trial, and that its not being discovered sooner was owing to no want of due diligence on his part. *Simms* v. *The State*, 1 Texas Ct. App. 627.

There is no statement of facts; and, this being so, we must presume the State proved every allegation in the information properly pleaded. The information is a good one. The judgment of the lower court is affirmed.

*Affirmed.*